1
2
3
4
5
6
7

8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    HAROLD HUNTER,                          No.  2:19-cv-1101 CKD P

12              Plaintiff,

13         v.                                 ORDER

14    GABRIEL WILLIAMS, et al.,

15              Defendants.

16

17         Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and

18   has paid the filing fee.

19   I.    Statutory Screening of Prisoner Complaints

20         The court is required to screen complaints brought by prisoners seeking relief against a

21   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

22   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

23   "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]

24   monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

25         A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

26   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

27   Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal

28   theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639,

640 (9th Cir. 1989) (quoting <u>Neitzke</u>, 490 U.S. at 327), <u>superseded by statute on other grounds as stated in</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. <u>Franklin</u>, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (alteration in original) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." <u>Wilhelm v. Rotman</u>, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." <u>Twombly</u>, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" <u>Id.</u> (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 556).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, <u>Hosp. Bldg. Co. v. Trs. of the Rex Hosp.</u>, 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969) (citations omitted).

II.   <u>Complaint</u>

The complaint alleges that defendants Williams, Gonzales, Do-Williams, Battle, Adams,

2

Halepota, Malakkla, Mansour, Cole, Kaur, Richardson, Infante, Porras, Nava, Recarey, Gail, Paik, Lowe, and Gu were deliberately indifferent to his serious medical needs and that their conduct was retaliatory.

Plaintiff alleges that Williams downplayed his falls and mobility issues in order to deny his requests for mobility accommodations and denied him medical care on the ground that his issues were psychological and the product of delusions. (ECF No. 1 at 11-16.) Plaintiff further asserts that Williams' efforts to interfere with his medical care were in retaliation for filing grievances against Williams and his wife, defendant Do-Williams. (Id. at 16.) With respect to defendant Do-Williams, plaintiff alleges that she falsely recorded that he denied having any falls and that he was able to walk to his appointments. (Id. at 28-29.) He also alleges that she threatened to take away various mobility accommodations and did in fact take away his wheelchair and denied his requests for a walker and mobility vest, which prevented him from being able to get to appointments, and that she had him moved to an upper tier even though he could not navigate stairs, causing him to suffer falls. (Id. at 21-29.) These actions were allegedly taken in retaliation for filing grievances. (Id. at 21-25.) Finally, plaintiff claims that he developed a MRSA infection after Do-Williams directed a nurse to surgically remove a boil but failed to oversee the removal. (Id. at 19.)

Plaintiff also alleges that he filed several grievances about the treatment he received from Williams and Do-Williams and that those grievances were denied. Specifically, he claims that he filed a grievance about Williams commenting on his psychological issues and defendant Battle denied the grievance and told him that his rights under the Health Insurance Portability and Accountability Act (HIPAA) were also being denied. (Id. at 30.) Malakkla, Recarey, and Gail denied his appeal against Do-Williams for directing the nurse to remove his boil and failing to supervise the removal. (Id. at 7-8, 19-20.) Defendant Halepota denied a grievance related to care provided by Williams and Do-Williams on the ground that it was overbroad and vague and falsely implied that plaintiff was attempting to get medication. (Id. at 31-32.) The denial was upheld by Adams and Malakkla. (Id. at 32.) Defendant Mansour denied plaintiff's appeal claiming that Do-Williams told him she would take away his medical equipment and Kaur upheld the denial of that

3

1  appeal and denied a separate appeal where he claimed Do-Williams said she would take his

2  walker away.  (Id. at 22, 25-26.)  Finally, defendant Paik allegedly denied an appeal in which

3  plaintiff claimed Do-Williams took away unspecified medical supplies that had been issued by

4  another physician.  (Id. at 25.)

5       Defendants Gonzales, Richardson, and Infante allegedly retaliated against plaintiff when

6  Richardson and Infante limited plaintiff to one request for accommodation under the Americans

7  with Disabilities Act (ADA) every seven days and then punished him for exceeding that limit at

8  Gonzales' direction.  (Id. at 17-18.)  Porras and Nava then approved of their subordinates'

9  retaliation when they upheld the disciplinary charge.  (Id. at 18.)

10      Plaintiff claims that defendant Cole retaliated against him by calling him to the medical

11  clinic, making him wait for hours, and then sending him back to his cell without being seen or

12  offering any explanation as to why he was called in the first place.  (Id. at 32.)  He filed a

13  grievance and defendant Lowe approved of the retaliation by denying the grievance.  (Id. at 33.)

14      Finally, plaintiff alleges that defendant Gu denied him medical treatment when he opined

15  that he did not believe surgery was the correct choice despite a recommendation from a specialist.

16  (Id. at 33.)

17  III.  Discussion

18  A.  Deliberate Indifference

19      "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate

20  must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091,

21  1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  This requires plaintiff

22  to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition

23  could result in further significant injury or the unnecessary and wanton infliction of pain,'" and

24  (2) "the defendant's response to the need was deliberately indifferent."  Id. (some internal

25  quotation marks omitted) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).

26      Deliberate indifference is established only where the defendant *subjectively* "knows of and

27  disregards an *excessive risk* to inmate health and safety."  Toguchi v. Chung, 391 F.3d 1051, 1057

28  (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted).  Deliberate

4

1   indifference can be established "by showing (a) a purposeful act or failure to respond to a

2   prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d

3   at 1096 (citation omitted).  Civil recklessness (failure "to act in the face of an unjustifiably high

4   risk of harm that is either known or so obvious that it should be known") is insufficient to

5   establish an Eighth Amendment violation.  Farmer, 511 U.S. at 836-37 & n.5 (citations omitted).

6        A difference of opinion between an inmate and prison medical personnel—or between

7   medical professionals—regarding appropriate medical diagnosis and treatment is not enough to

8   establish a deliberate indifference claim.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989);

9   Toguchi, 391 F.3d at 1058.  Additionally, "a complaint that a physician has been negligent in

10  diagnosing or treating a medical condition does not state a valid claim of medical mistreatment

11  under the Eighth Amendment.  Medical malpractice does not become a constitutional violation

12  merely because the victim is a prisoner." Estelle, 429 U.S. at 106.

13       Plaintiff's allegations against defendant Williams fail to state a claim for deliberate

14  indifference because while he alleges that Williams denied him medical care, his allegations are

15  too vague.  Although it appears the denials likely related to plaintiff's mobility issues, plaintiff

16  does not specify what accommodations or treatment he was denied or what injury he suffered as a

17  result.  Plaintiff's allegations that defendant Do-Williams violated his rights by directing a

18  registered nurse to remove a boil and failing to supervise the procedure also fail to demonstrate

19  deliberate indifference.  Plaintiff makes only conclusory assertions that the nurse was not

20  qualified to remove his boil and fails to allege facts showing that Do-Williams would have known

21  the nurse was not qualified and therefore posed an excessive risk to plaintiff's health.

22       Plaintiff's allegations that defendant Gu was deliberately indifferent when he opined that

23  surgery was not the correct choice despite a recommendation from a specialist also fail to state a

24  claim for deliberate indifference.  Not only does plaintiff fail to allege what injury he suffered as

25  a result of not getting surgery, he fails to demonstrate that Gu's decision was anything more than

26  a difference of opinion as to the appropriate course of treatment.

27       However, plaintiff's allegations that Do-Williams took away his wheelchair and denied

28  his requests for a mobility vest and walker, despite a demonstrated need, thereby causing him to

5

1    be unable to attend his medical appointments and suffer additional falls, are sufficient to state

2    claims for relief.  Additionally, plaintiff's assertion that Do-Williams had him moved to an upper

3    tier, despite his inability to navigate stairs, which led to additional falls, is sufficient to state claim

4    a for relief.  These claims will therefore require a response.

5         B.  Retaliation

6         "Prisoners have a First Amendment right to file grievances against prison officials and to

7    be free from retaliation for doing so."  Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012)

8    (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)).  A viable First Amendment claim

9    for retaliation must establish the following five elements: "(1) An assertion that a state actor took

10   some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and

11   that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action

12   did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559,

13   567-68 (9th Cir. 2005) (footnote and citations omitted).  Mere speculation that defendant's motive

14   was retaliatory is not sufficient, and one way in which to demonstrate retaliatory motive is the

15   proximity in time between the protected conduct and alleged retaliation.  McCollum v. Cal. Dep't

16   of Corr. and Rehab., 647 F.3d 870, 882 (9th Cir. 2011) (quoting Allen v. Iranon, 283 F.3d 1070,

17   1077 (9th Cir. 2002)).  However, plaintiff need not prove that the alleged retaliatory action, in

18   itself, violated a constitutional right.  Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (to

19   prevail on a retaliation claim, plaintiff "need not establish an independent constitutional interest"

20   was violated); Hines v. Gomez, 108 F.3d 265, 269 (9th Cir. 1997) ("[P]risoners may still base

21   retaliation claims on harms that would not raise due process concerns.").

22        Plaintiff's retaliation claims fail because they are too conclusory or speculative to

23   demonstrate that any defendant's actions were motivated by his filing of an appeal.  Although he

24   claims that Williams and Do-Williams' adverse conduct was motivated by him filing appeals

25   against them, the timing between the appeals and denials, as identified in the complaint, appears

26   to be months apart and therefore does not support an inference of retaliation based on temporal

27   proximity.  Nor does he make any allegations regarding statements by either defendant that would

28   reveal a retaliatory motive.  His allegations that Gonzales, Richardson, Infante, Porras, and Nava

1  retaliated against him for submitting requests for ADA accommodations also fail to state a claim

2  for retaliation because, contrary to plaintiff's assertion, requesting an ADA accommodation is not

3  protected conduct under the First Amendment.  Finally, his claims that Malakkla, Cole, Kaur,

4  Paik, and Low either retaliated against him through their own actions or by approving the

5  retaliation of their subordinates fail because he simply makes conclusory assertions of retaliation

6  and does not identify the protected conduct for which he was being retaliated against.

7       C.  Grievances

8       The prison grievance procedure does not confer any substantive constitutional rights upon

9  inmates and actions in reviewing and denying inmate appeals generally do not serve as a basis for

10  liability under § 1983.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); George v. Smith,

11  507 F.3d 605, 609 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint

12  does not cause or contribute to the violation.").  As the Seventh Circuit has observed:

13
> Only persons who cause or participate in the violations are
14
> responsible.  Ruling against a prisoner on an administrative
> complaint does not cause or contribute to the violation.  A guard who
15
> stands and watches while another guard beats a prisoner violates the
> Constitution; a guard who rejects an administrative complaint about
16
> a completed act of misconduct does not.

17  George, 507 F.3d at 609-10.  Accordingly, to the extent plaintiff is attempting to state a claim

18  based solely on the ground that defendants denied his grievances, his claims fail.

19       To the extent plaintiff is attempting to allege that defendants Battle, Malakkla, Recarey,

20  Gail, Halepota, Adams, Mansour, Kaur, and Paik were deliberately indifferent to his medical

21  needs because they failed to intervene, he fails to sufficiently allege facts showing that defendants

22  either had the opportunity to intervene or were aware of an ongoing constitutional violation.

23  Plaintiff's allegations fail to demonstrate that Battle's failure to tell Williams to stop commenting

24  on his psychological issues was deliberately indifferent and it is unclear how the denial of

25  unspecified rights under HIPAA violated plaintiff's rights.  Similarly, the claims against

26  Malakkla, Recarey, and Gail for denying the grievance regarding the removal of his boil fail

27  because plaintiff has not shown that the conduct he was appealing violated his rights and, even if

28  he had, defendants did not learn about the incident until after it had already occurred, leaving

them no opportunity to intervene.  Plaintiff's additional claims against Malakkla, Halepota, Adams, Mansour, Kaur, and Paik fail because he alleges only that they denied grievances related to the denial of medical care without specifying what care was denied or what injury it caused, or he claims that they denied grievances about Do-Williams saying she would take away plaintiff's mobility devices without specifying whether they were actually taken away or were in the process of being taken away at that time.

IV.    Leave to Amend

For the reasons set forth above, the court finds that the majority of allegations in the complaint do not state cognizable claims for relief.  However, it appears that plaintiff may be able to allege facts to remedy this and he will be given the opportunity to amend the complaint if he desires.

Plaintiff may proceed to immediately serve defendant Do-Williams on his Eighth Amendment claims that she had him moved to an upper tier, took away his wheelchair, and denied his requests for a mobility vest and walker, or he may delay serving any defendant and amend the complaint.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed.  If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint.  If plaintiff elects to proceed on his Eighth Amendment claims against defendant Do-Williams for moving him to an upper tier, taking away his wheelchair, and denying his requests for a mobility vest and walker without amending the complaint, the court will proceed to serve the complaint.  A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of all other claims against Do-Williams and all claims against defendants Williams, Gonzales, Battle, Adams, Halepota, Malakkla, Mansour, Cole, Kaur, Richardson, Infante, Porras, Nava, Recarey, Gail, Paik, Lowe, and Gu.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).

1  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

2  connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy,

3  588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official

4  participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266,

5  268 (9th Cir. 1982) (citations omitted).

6        Plaintiff is also informed that the court cannot refer to a prior pleading in order to make

7  his amended complaint complete.  Local Rule 220 requires that an amended complaint be

8  complete in itself without reference to any prior pleading.  This is because, as a general rule, an

9  amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

10  1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th

11  Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled

12  in subsequent amended complaint to preserve appeal).  Once plaintiff files an amended complaint,

13  the original complaint no longer serves any function in the case.  Therefore, in an amended

14  complaint, as in an original complaint, each claim and the involvement of each defendant must be

15  sufficiently alleged.

16      V.    Plain Language Summary of this Order for a Pro Se Litigant

17        Some of the allegations in the complaint state claims against the defendants and some do

18  not.  You have stated claims for deliberate indifference against defendant Do-Williams for

19  moving you to an upper tier, taking away your wheelchair, and denying your requests for a

20  mobility vest and walker and these claims will require a response.  Your other claims against Do-

21  Williams and all of the claims against the other defendants do not state claims for relief because

22  you have not sufficiently explained what treatment you were denied and how you were injured by

23  it, you have not shown that the defendants had a chance to stop an ongoing violation or were

24  aware that a violation was taking place, or you have not shown that the actions were in response

25  to protected conduct like filing a grievance.

26        You have a choice to make.  You may either (1) proceed immediately on your deliberate

27  indifference claims against defendant Do-Williams for moving you to an upper tier, taking away

28  your wheelchair, and denying your requests for a mobility vest and walker, and voluntarily

9

1    dismiss all other claims and defendants or (2) try to amend the complaint.  If you want to go

2    forward without amending the complaint, you will be voluntarily dismissing without prejudice all

3    other claims against Do-Williams and all of your claims against defendants Williams, Gonzales,

4    Battle, Adams, Halepota, Malakkla, Mansour, Cole, Kaur, Richardson, Infante, Porras, Nava,

5    Recarey, Gail, Paik, Lowe, and Gu.  If you choose to amend your complaint, the amended

6    complaint must include all of the claims you want to make, including the ones that have already

7    been found to state a claim, because the court will not look at the claims or information in the

8    original complaint.  **Any claims or information not in the amended complaint will not be**

9    **considered.**  You must complete the attached notification showing what you want to do and

10   return it to the court.  Once the court receives the notice, it will issue an order telling you what

11   you need to do next (i.e. file an amended complaint or wait for defendants to be served).

12          In accordance with the above, IT IS HEREBY ORDERED that:

13          1.   Plaintiff has stated Eighth Amendment claims for deliberate indifference against

14   defendant Do-Williams on the grounds that she had him moved to an upper tier, took away his

15   wheelchair, and denied his requests for a mobility vest and walker.

16          2.   Plaintiff's other claims against Do-Williams and all claims against defendants

17   Williams, Gonzales, Battle, Adams, Halepota, Malakkla, Mansour, Cole, Kaur, Richardson,

18   Infante, Porras, Nava, Recarey, Gail, Paik, Lowe, and Gu do not state claims for which relief can

19   be granted.

20          3.   Plaintiff has the option to (1) proceed immediately on his Eighth Amendment claims

21   against defendant Do-Williams for moving him to an upper tier, taking away his wheelchair, and

22   denying his requests for a mobility vest and walker as set forth above, or (2) amend the

23   complaint.

24          4.   Within fourteen days of service of this order, plaintiff shall complete and return the

25   attached form notifying the court whether he wants to proceed on the screened complaint or

26   whether he wants to file a first amended complaint.  If plaintiff does not return the form, the court

27   will assume that he is choosing to proceed on the complaint as screened and will recommend

28   dismissal without prejudice of the non-cognizable claims against Do-Williams and all claims

against defendants Williams, Gonzales, Battle, Adams, Halepota, Malakkla, Mansour, Cole, Kaur, Richardson, Infante, Porras, Nava, Recarey, Gail, Paik, Lowe, and Gu.

Dated:  June 3, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

13:hunt1101.14.option

11

1

2

3

4

5                        UNITED STATES DISTRICT COURT

6                    FOR THE EASTERN DISTRICT OF CALIFORNIA

7

8    HAROLD HUNTER,                          No.  2:19-cv-1101 CKD P

9                    Plaintiff,

10        v.                                 PLAINTIFF'S NOTICE ON HOW TO
                                             PROCEED
11   GABRIEL WILLIAMS, et al.,

12                   Defendants.

13

14        Check **one**:

15   _____ Plaintiff wants to proceed immediately on his Eighth Amendment claims against

16        defendant Do-Williams on the grounds that she had him moved to an upper tier, took

17        away his wheelchair, and denied his requests for a mobility vest and walker without

18        amending the complaint.  Plaintiff understands that by going forward without amending

19        the complaint he is voluntarily dismissing without prejudice all other claims against Do-

20        Williams and all claims against defendants Williams, Gonzales, Battle, Adams, Halepota,

21        Malakkla, Mansour, Cole, Kaur, Richardson, Infante, Porras, Nava, Recarey, Gail, Paik,

22        Lowe, and Gu.

23

24   _____ Plaintiff wants to amend the complaint.

25

26   DATED:_____

27                                           _____
                                             Harold Hunter
28                                           Plaintiff pro se

                                        12